# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 07mj232 |
| vs. | **DETENTION ORDER** |
| PHONG DUY LE, | |
| Defendant. | |

This matter came on for detention hearing on September 21, 2007. Assistant U.S. Attorney Robert Knief appeared on behalf of the plaintiff (the "Government"). The defendant Phong Duy Le appeared in person with his attorney, Conrad Douglas. The Government offered the testimony of DEA Special Agent Mark Minten, and Task Force Officer Elbert Andress. Le also testified at the hearing.

The court must determine whether any condition or combination of conditions will reasonably assure Le's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Le as required and the safety of the community if the court finds there is probable cause to believe Le committed an offense of the type identified in 18 U.S.C. § 3142(e) for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1). The probable cause element of section 3142(e) that triggers the rebuttable presumption of risk of flight

and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See Apker*, 964 F.2d at 744; *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).

In the present case, the evidence offered at the detention hearing establishes that Le was involved in a conspiracy to manufacture and distribute a large quantity of marijuana. The conspiracy is widespread, involving distribution to several different states. Le testified regarding his involvement in the conspiracy. Le made deliveries of marijuana seven to nine times and was paid cash to make the deliveries. On some occasions, he delivered marijuana to Atlanta, Georgia; Columbus, Ohio, and St. Paul, Minnesota.

Le has significant criminal history. Although most of this history dates back seven to ten years, the record nevertheless indicates Le has had numerous contacts with law enforcement but, on this record, continued to engage in criminal activities. Le resides at his parents' home but frequently stays elsewhere. He is unemployed and is not a United States citizen.

Based on this evidence, the court finds the Government has proved by a preponderance of the evidence that Le is a flight risk, and by clear and convincing evidence that he is a danger to the community. Accordingly, the court orders as follows:

1. Le is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Le reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Le to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

2

Case 1:07-mj-00232-PAZ    Document 9    Filed 09/27/07    Page 2 of 3

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

  (a) Attach a copy of the release/detention order to the appeal;

  (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Le must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 27th day of September, 2007.

*[signature]*

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT